[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 30, 2011
JOHN LEY
CLERK

No. 10-15167
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cv-21731-MGC

JUAN A. RUIZ,

Petitioner–Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent–Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 30, 2011)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Juan A. Ruiz, a Florida prisoner proceeding *pro se*, appeals from the district

court's denial of his motion for post-conviction relief under 28 U.S.C. § 2254.

The district court granted a certificate of appealability (COA),[1] so we have jurisdiction to hear his appeal. Because we conclude that the state court's decision was not contrary to or an unreasonable application of federal law, we affirm.

## I.

A jury convicted Ruiz of second-degree murder for killing his landlord. Ruiz admitted that he shot his landlord, but claimed that he had done so in self defense. Although Ruiz made several statements to the police after the shooting, at trial he elected not to testify. In one of his statements to the police, Ruiz said that he was afraid of his landlord. (Ruiz also told the police that he believed his landlord had broken into his apartment repeatedly and that he would kill him if he ever caught him doing so.) But in his closing argument, the prosecutor said Ruiz never told the police that he was afraid of his landlord.

Ruiz's conviction was summarily affirmed on direct appeal. Ruiz then filed a motion for post-conviction relief in state court, which was denied.

Ruiz's appeal raises two related issues that he also presented in his post-conviction proceedings: First, whether the prosecutor's comments during closing,

---

[1] The district court granted Ruiz's COA without specifying which issues could be appealed. But after both parties had briefed the appeal, the district court entered an order clarifying the scope of the COA. We will however address both issues raised by Ruiz, as they are related, even though the district court did not grant a COA as to one of them. *See Putnam v. Head*, 268 F.3d 1223, 1228 (11th Cir. 2001) (stating that the court of appeals may determine which issues raised by a petitioner warrant a COA when the district court has not done so).

which Ruiz alleges misstated evidence and commented on his decision not to testify, denied him a fair trial; and second, whether his lawyer's failure to object to those comments denied him the effective assistance of counsel.

The state court denied post-conviction relief on these claims based on its finding that the prosecutor neither commented on Ruiz's failure to testify nor did he misstate the evidence.

## II.

We review a district court's order denying a § 2254 petition *de novo*. *Sims v. Singletary*, 155 F.3d 1297, 1304 (11th Cir. 1998). We may not grant a habeas petitioner relief on any claim that was adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In determining whether a state court's decision was an unreasonable application of federal law, we

must determine what arguments or theories supported or, . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme Court].

*Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Relief must be denied if there is *any* argument to support the state court's decision. *Id.* "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.*

III.

A.

We now address Ruiz's argument that the prosecutor's comments during summation denied him a fair trial, first considering the prosecutor's characterization of the evidence and then whether he commented on Ruiz's decision not to testify. To determine whether a prosecutor's comments warrant a new trial, we consider, first, whether the remarks were improper, and second, whether the improper remarks prejudiced the defendant. *Spencer v. Sec'y, Dep't of Corrs.*, 609 F.3d 1170, 1182 (11th Cir. 2010).

A material misstatement of fact in a closing argument is improper. *Davis v. Zant*, 36 F.3d 1538, 1548 n.15 (11th Cir. 1994). To determine whether a comment or series of comments were prejudicial, we weigh the nature and scope of the

instances of misconduct against the evidence of guilt against the accused. *Id.* at 1546. Relevant factors include (1) whether the remarks were isolated or extensive; (2) whether the comments were intentionally made; (3) whether the defense objected to the comments; (4) the trial court's instructions; (5) the weight of aggravating and mitigating factors; (6) the degree to which the challenged remarks had a tendency to mislead the jury and to prejudice the accused; and (7) "the strength of the competent proof to establish the guilt of the accused." *See Spencer*, 609 F.3d at 1182 (quotation omitted).

Here, the prosecutor repeatedly said in closing that Ruiz never told police that he was scared of the victim. But Officer Lopez testified that Ruiz said that he was scared of the victim. The prosecutor's misstatements were material because they addressed the core of Ruiz's defense—that he was justified in using deadly force against the victim. Accordingly, we will assume that the prosecutor's statements were improper.

But to prevail, Ruiz would also have to establish that he was prejudiced by the prosecutor's improper statements. In addition to telling the police that he was afraid of his landlord, Ruiz told the police that he could not take the victim's insults anymore, and that he did not have to endure them. He also said that after the victim had knocked on his door earlier in the day, he took his revolver and

placed it by the door. When his landlord returned, Ruiz said he opened the door and shot him. Ruiz also said that he knew his landlord was unarmed and that he did not enter Ruiz's apartment. Moreover, a jury could reasonably infer that Ruiz was simply looking for an excuse to kill the victim based on his admission that if he ever caught the victim in his apartment, he would kill him. This evidence reasonably supports the state court's conclusion that, even if the prosecutor had not misstated the evidence, the jury still could have found that Ruiz's use of force was not justifiable because he was not actually afraid of the victim or because his fear was not reasonable. Under either view, the prosecutor's improper comments did not prejudice Ruiz. In addition, both the trial court and Ruiz's counsel repeatedly instructed the jurors that the lawyers' arguments were not evidence. And jurors are presumed to follow instructions. *United States v. Hill*, 643 F.3d 807, 829 (11th Cir. 2011). Because we are reviewing this issue in the context of a habeas corpus petition, we must deny relief because there is at least one reasonable argument that supports the state court's decision. *Harrington*, 131 S.Ct. at 786.

## B.

We now turn to Ruiz's argument that the prosecutor commented on his decision not to testify. A defendant's Fifth Amendment right against self-incrimination is violated when a prosecutor makes a statement that was

"manifestly intended to be a comment on the defendant's failure to testify" or (2) makes a statement that "was of such a character that a jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *Isaacs v. Head*, 300 F.3d 1232, 1270–71 (11th Cir. 2002).

In evaluating Ruiz's claim that the prosecutor commented on his failure to testify, the state court looked at the context of the remarks, which were made during the prosecutor's discussion of the statements Ruiz made to the police. Although it was factually incorrect that Ruiz never told the police that he was afraid of the victim, it is clear that the prosecutor's comments were about Ruiz's statements to the police and not about his decision to take the stand. Accordingly, we conclude that the state court's decision was not contrary to nor an unreasonable application of Supreme Court precedent and that it was reasonable in light of the facts.

## IV.

Finally, we address Ruiz's argument that his counsel was constitutionally ineffective for failing to object to the prosecutor's improper characterization of the evidence during closing argument. To establish a case of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) his defense was prejudiced by that deficient performance. *Strickland v.*

7

*Washington*, 466 U.S. 668, 687 (1984). There is a "strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." *Rhode v. Hall*, 582 F.3d 1273, 1280 (11th Cir. 2009) (quotation omitted). "Thus, the petitioner must establish that no competent counsel would have taken the action that his counsel did take." *Id.* (quotation omitted).

Analyzing a claim of ineffective assistance under § 2254(d) adds a "double layer" of deference to counsel's performance. *See Harrington*, 131 S.Ct. at 788. Under § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is *any* reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* (emphasis added). To demonstrate prejudice, there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

For the reasons we discussed while addressing Ruiz's claim that the prosecutor commented on his decision not to testify, we conclude that Ruiz has not shown that he was prejudiced by the prosecutor's improper comments during

8

closing argument.[2]  As such, the state court's decision denying Ruiz's ineffective assistance of counsel claim was a reasonable application of federal law.  *See Harrington*, 131 S.Ct. at 788.

**AFFIRMED.**

---

[2]  We do not need to address both components of the *Strickland* inquiry when the petitioner makes an insufficient showing on one.  *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).