McMILLAN, Presiding Judge.
The appellant, Demetrius Terrence Frazier, appeals from the trial court’s summary dismissal of his Rule 32, Ala. R. Crim. P., petition for postconviction relief. The appellant was convicted of murder made capital because it was committed during the course of a robbery in the first degree, a violation of § 13A-5-40(a)(2), Ala.Code 1975. Following the jury’s recommendation, by a vote of 10-2, that the appellant be sentenced to death, the trial court sentenced the appellant to death. This Court affirmed the judgment of conviction and the death sentence. Frazier v. State, 758 So.2d 577 (Ala.Crim.App.1999), affirmed, 758 So.2d 611 (Ala.1999). The United States Supreme Court denied certiorari review. Frazier v. Alabama, 531 U.S. 843, 121 S.Ct. 109, 148 L.Ed.2d 66 (2000).
On September 26, 2001, the appellant filed a timely Rule 32 petition. On January 31, 2002, the State filed an answer to the petition, arguing that the appellant was not entitled to relief because, it argued, the petition was not sufficiently pleaded, was procedurally barred, or failed to raise any meritorious claims that would entitle the appellant to an evidentiary hearing. On February 25, 2002, the appellant filed several motions seeking discovery, which were denied by the trial court. On March 19, 2002, after receiving notice that his Rule 32 petition had been denied, the appellant filed an “Emergency Motion to Reconsider and Withdraw the Case Action Summary Sheet Denying His Rule 32 Petition.” The State responded with a motion to strike the appellant’s emergency motion, arguing that under the law of Alabama, the trial court was without jurisdiction to grant the requested relief and that the appellant’s only recourse was an appeal to this Court. The trial court granted the State’s motion to strike. On the same day the appellant filed his emergency motion, he also filed an amended Rule 32 petition, which contains the same claims raised in his original Rule 32 petition, in addition to a new claim of juror misconduct.
The appellant contends that the trial court erred in summarily dismissing his Rule 32 petition without conducting an evi-dentiary hearing. Specifically, he contends that the claims in his petition were sufficiently pleaded, were not procedurally *910 barred, and, if proven true, stated claims that would entitle him to relief. Additionally, the appellant contends that the trial court erroneously dismissed his claims of ineffective assistance of counsel without stating in the order its reasons for the dismissal. Lastly, the appellant contends that the trial court’s order was “confusing and overbroad as to the scope, the reasons and grounds for the order, and the basis for it.”
In its order summarily denying the appellant’s petition, the trial court found that the claims were due to be dismissed because:
“(1) they fail[ed] to meet the specificity and full factual disclosure requirements of Rule 32.6(b) and Rule 32.7(d), A.R.Cr.P; (2) [they] fail[ed] to stated a claim or present a material issue of fact or law, Rule 32.7(a), A.R.Cr.P; (3) [they were] precluded by law because these claims were raised at trial, Rule 32.2(a)(2), A.R.Cr.P. (4) [they were] precluded by law because these claims could have been raised at trial but were not, Rule 32.2(a)(3), A.R.Cr.P.; or. (5) [they were] precluded by law because these claims could have been raised, on appeal but were not, Rule 32.2(a)(5), A.R.Cr.P.”
With regard to the appellant’s ineffective assistance of counsel claims, the trial court’s order stated that “it had tried this case and [found] that the petitioner’s claims of ineffective assistance of counsel had no merit.”
The trial court’s order summarily dismissing the postconviction petition does not contain any specific findings as to the appellant’s ineffective-assistance-of-counsel claims and does not state which ineffective-assistance-of-counsel claims it was referring to when it found the claims to be without merit. This lack of findings in this regard is confusing because the trial court, in its order, had previously found that all of the appellant’s other claims of ineffective assistance of counsel were due to be dismissed because they were not pleaded sufficiently or because they failed to state a claim or present a material issue of fact or law. Additionally, the postconviction petition contains’numerous paragraphs alleging ineffective-assistance-of-counsel claims that were not included in the trial court’s order. Therefore, this cause must be remanded for the trial court to enter specific findings of fact as to any ineffective assistance claims being denied on their merits, and for an evidentiary hearing, if deemed necessary.
Additionally, the trial court’s order contains contradictory findings on claims other than the ineffective-assistance-of-counsel claims, where the same claims were held to be proeedurally barred because they were raised at trial and were also found to be proeedurally barred because they could have been, but were not, raised at trial.
The trial court’s order also fails to contain the procedural bar, Rule 32.2(a)(4), Ala. R. Crim. P., regarding claims that were raised or addressed on appeal, a bar that, the State argued in its answer to the appellant’s Rule 32 petition, applied to several of his ineffective-assistance-of-counsel claims raised and addressed on direct appeal.
“The fact that the circuit judge is not required to conduct an evidentiary hearing on a petitioner’s claims of ineffective assistance of trial counsel if that judge personally observed the conduct of those counsel does not, however, reheve the judge of the responsibility of entering a sufficiently specific order addressing each of the petitioner’s claims of ineffective assistance of trial counsel.”
*911 Holloway v. State, 848 So.2d 1017 (Ala.Crim.App.2002).
The amendment to the appellant’s petition, which alleged a new claim of juror misconduct, was filed after the appellant had knowledge that his original petition had been denied, and beyond the two-year limitations period. The certificate of final judgment was issued on December 30, 1999, and the amended petition was filed on March 19, 2002. Thus, it was precluded from review by the trial court. Rule 32.2(c), Ala. R. Crim. P.
Lastly, the appellant’s claim that the trial court’s summary dismissal of his petition without allowing him an opportunity to reply to the State’s answer is a denial of due process is without merit. “ “Where a simple reading of the petition for post-conviction relief shows that, assuming every allegation of the petition to be true, it is obviously without merit or is precluded, the circuit court [may] summarily dismiss that petition without requiring a response from the district attorney.’ ” Tatum v. State, 607 So.2d 383, 384 (Ala.Crim.App.1992) (quoting, Bishop v. State, 608 So.2d 345, 347-48 (Ala.1992)).
Based on the foregoing deficiencies in the trial court’s order, we remand this cause to the trial court to conduct, if necessary, an evidentiary hearing, and to make written specific findings with regard to each of the claims presented at the hearing. The trial court should also make written specific findings of fact as to any ineffective-assistance-of-counsel claims that were denied on the merits, and clarify for the record, in a written order, any procedural bars applicable to the remaining arguments contained in the petition for postconviction relief. Should a hearing be granted, the return to remand shall include a transcript of the proceedings. Return shall be made to this Court within 70 days of the release of this opinion.
REMANDED WITH DIRECTIONS. 
SHAW and WISE, JJ„ concur. BASCHAB, J., concurs in the result. COBB, J., recuses herself.