JORDAN, Circuit Judge,
concurring:
I concur in Judge Pryor’s opinion for the Court. I write to address an assertion by the Secretary which I believe to be mistaken and which, if accepted, will cause unnecessary analytical problems in the future.
I
The Secretary insists that, when evaluating an ineffective assistance of counsel claim under 28 U.S.C. § 2254(d), we must apply a doubly deferential standard of review to the performance and prejudice prongs under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Appellee’s Initial Br. at 12; Appellee’s En Banc Br. at 13. As explained below, however, double deference does not apply to the prejudice inquiry.
Where the performance prong of Strickland is concerned, habeas review is indeed doubly deferential. See, e.g., Yarborough v. Gentry, 540 U.S. 1, 6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (“Judicial review of a defense attorney’s summation is ... highly deferential — and doubly deferential when it is conducted through the lens of federal habeas.”). This is because, as the Supreme Court told us in Strickland, counsel’s performance is itself due a base level of deference: “Judicial scrutiny of counsel’s performance must be highly deferential.” 466 U.S. at 689, 104 S.Ct. 2052. When we layer the “deferential lens of § 2254(d)” atop that first level of deference, the end result is “doubly deferential” review of counsel’s performance. See Knowles v. Mirzayance, 556 U.S. 111, 121 n. 2, 123, 129 S.Ct. 1411, 173 L.Ed.2d 251 (2009).
*1334 This case, however, involves only the prejudice prong of Strickland, and with respect to that prong there is no underlying deference. Unlike the performance evaluation, which asks us to assess what counsel did or did not do, see Strickland, 466 U.S. at 688, 104 S.Ct. 2052 (explaining that the measure of attorney performance under the Sixth Amendment is “reasonableness under prevailing professional norms”), the prejudice question is, in the end, a legal one. There is no “what” to analyze. There is only the ex post legal determination, by a court based on a hypothetical construct with counsel’s errors corrected, as to whether the defendant was or was not prejudiced by his counsel’s actions or omissions. See, e.g., Wiggins v. Smith, 589 U.S. 510, 534, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (to determine whether prejudice resulted from counsel’s deficient performance at a capital sentencing hearing, a court must “reweigh the evidence in aggravation against the totality of available mitigating evidence”); Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (the prejudice inquiry “focuses on the question whether counsel’s deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair”). It therefore makes no sense to say that initial judicial review as to whether prejudice resulted from counsel’s deficient performance — on its own, before adding AEDPA deference — involves any deference. We give deference on habeas to a state court’s ruling on prejudice under § 2254(d), but that is the only deference involved. See Ruiz v. Sec’y, Fla. Dep’t of Corr., 439 Fed.Appx. 831, 835 (11th Cir.2011) (“Analyzing a claim of ineffective assistance under § 2254(d) adds a ‘double layer’ of deference to counsel’s performance.”) (emphasis added); Bowling v. Haeberlin, 2012 WL 4498647, at *6 (E.D.Ky. Sept. 28, 2012) (prejudice review “is not doubly deferential like the performance inquiry”).
II
There is language in some Supreme Court and Eleventh Circuit opinions suggesting that doubly deferential review applies to the prejudice prong. See Cullen v. Pinholster, — U.S. -, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011) (“Our review of the California Supreme Court’s decision [as to performance and prejudice] is ... doubly deferential.”); Frazier v. Bou-chard, 661 F.3d 519, 534 (11th Cir.2011) (“Bearing in mind the ‘doubly’ deferential nature of Strickland review under AED-PA, we cannot hold that Frazier has made the requisite showing of prejudice.”) (citation omitted); Pooler v. Sec’y, Fla. Dep’t of Corr., 702 F.3d 1252, 1270, 2012 WL 6555012, at *17 (11th Cir. Dec. 17, 2012) (“Because we must view Pooler’s ineffective assistance of counsel claim — which is governed by the deferential Strickland test — through the lens of AEDPA deference, the resulting standard of review is ‘doubly deferential.’ ”). But there is a strong argument that such language is dicta, for neither the Supreme Court nor this Circuit has actually applied double deference to the question of prejudice.
Cullen, Frazier, and Pooler used straight-forward single-deference AEDPA review as to the state court’s ruling on prejudice, without ever explaining how doubly deferential review would actually work with respect to prejudice. See Cullen, 131 S.Ct. at 1410 (“Given what little additional mitigating evidence Pinholster presented in state habeas, we cannot say that the California Supreme Court’s determination [of no prejudice] was unreasonable.”); Frazier, 661 F.3d at 533 (“Given the availability of an additional, highly prejudicial aggravating circumstance, we simply cannot say that, but for the failure *1335 of Frazier’s counsel to investigate and present additional mitigating evidence to the sentencing jury, ‘there is a reasonable probability that ... the result of the proceeding would have been different.’ ”) (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052); Pooler, 702 F.3d at 1275, 2012 WL 6555012, at *22 (“[W]e conclude that the Florida Supreme Court’s decision that Pooler did not satisfy Strickland’s prejudice prong was not contrary to Supreme Court precedent, did not unreasonably apply Supreme Court precedent, and was not based on an unreasonable determination of the facts in light of the state-court evidence.”). Because the mere articulation (and repetition) of a legal standard, without actual application of that standard, can amount to dicta, see Bd. of Trustees of State Univ. of New York v. Fox, 492 U.S. 469, 476-77, 109 S.Ct. 3028, 106 L.Ed.2d 388 (1989), the opinions in Cullen, Frazier, and Pooler may not constitute binding precedent mandating doubly deferential prejudice review. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 67, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (“When an opinion issues for the Court, it is not only the result but also those portions of the opinion necessary to that result by which we are bound.”); United States v. Kaley, 579 F.3d 1246, 1253 n. 10 (11th Cir.2009) (“[Djicta is defined as those portions of an opinion that are not necessary to deciding the case[.]”) (internal quotation marks and citations omitted); P. Leval, Judging Under the Constitution: Dicta About Dicta, 81 N.Y.U. L.Rev. 1249, 1256 (2006) (“A dictum is an assertion in a court’s opinion of a proposition of law which does not explain why the court’s judgment goes in favor of the winner. If the court’s judgment and the reasoning which supports it would remain unchanged, regardless of the proposition in question, that proposition plays no role in explaining why the judgment goes for the winner.”).
If the “doubly deferential” articulations in Cullen, Frazier, and Pooler do constitute holdings as to the prejudice prong, then the standard apparently exists in name only. As explained above, in practice doubly deferential prejudice review is identical to (and no more demanding than) single-deference AEDPA prejudice review. A couple of examples help illustrate the point. Imagine that a court says in an opinion that the applicable standard of review is “heightened abuse of discretion,” but then conducts run-of-the-mill (and non-heightened) abuse of discretion review, or says that the applicable standard of review is “super clearly erroneous review,” but then conducts traditional (and no more demanding) clear error review. In both of these scenarios, as here, a later court would be justified in concluding that the articulation of the new standard of review constituted dicta, or that the new standard, in practice, was no different from the previously accepted (and more familiar) standard.
I acknowledge that some courts and judges have required or called for doubly deferential prejudice review explicitly. See, e.g., Foust v. Houk, 655 F.3d 524, 534 (6th Cir.2011) (“We therefore afford double deference to ... both prongs of the Strickland test.”); Elmore v. Ozmint, 661 F.3d 783, 876 (4th Cir.2011) (Wilkinson, J„ dissenting) (“[Cjourts regularly apply the ‘doubly deferential’ standard of Strickland and AEDPA to both the performance and prejudice prongs. This makes good sense.”) (citations omitted). Yet those who have done so have likewise failed to explain why it is legally appropriate or where the initial level of deference comes from. Nor have they told us how to go about giving it. Instead, despite purporting to apply double deference, they too have carried out the prejudice inquiry in the traditional, single-deference, AEDPA manner for capital sentencing proceedings: by *1336 evaluating whether the state court, after weighing the totality of mitigation and aggravation evidence to determine if there is a reasonable probability of a different result, reached a conclusion that is reasonable in light of clearly established Supreme Court precedent. See, e.g., Foust, 655 F.3d at 538-39; Elmore, 661 F.3d at 876 (Wilkinson, J., dissenting). These deficiencies indicate that the phrase “doubly deferential,” while easy on the ear, is difficult on the pen when it comes to prejudice.
One might ask why any of this matters. After all, if a state court’s ruling on prejudice is going to be upheld as reasonable under AEDPA single deference, what difference does it make to say that a federal court is applying “doubly deferential” review? The danger is not in the great majority of cases, where state court rulings on prejudice are going to viewed as reasonable, but rather in those where a federal court, after applying AEDPA deference, nevertheless concludes that a state court ruling on prejudice is unreasonable within the meaning of § 2254(d). In such cases, the erroneous notion that there is another level of deference out there somewhere may tip the scales and work to deny relief to deserving habeas petitioners.
Unwarranted consequences can result when a “phrase takes on a life of its own, and before too long, ... starts being applied to situations ... removed from its intended and proper context.” Tice v. Am. Airlines, Inc., 162 F.3d 966, 970 (7th Cir.1999). As Justice Cardozo, in a paraphrase of Justice Holmes, cautioned: “The repetition of a catchword can hold analysis in fetters for fifty years and more.” Benjamin N. Cardozo, Mr. Justice Holmes, 44 Harv. L.Rev. 682, 689 (1931). These concerns, in my view, apply with full force here.
Ill
Standards of review are critical to the business of judging, and can often be outcome-determinative. My hope, in writing separately, is to suggest that we should not blindly assume that the concept of doubly deferential review applies to the question of prejudice in habeas cases. If we subject the assumption to rigorous examination now, we will see that it is mistaken, and can then unfetter the analysis of Strickland prejudice for the many habe-as litigants and courts to come.